1  Daniel Cotman (SBN 218315)
2  Cotman IP Law Groups, APLC
   281 East Colorado Blvd. #2630
3  Pasadena, Ca 91101
4  Phone: (626) 405-1413
   Email: dan@cotmanlaw.com
5
6  Attorneys for Plaintiffs,
   ELIZABETH WATERMAN and
7  NY BLACK AND GOLD CORPORATION
8
9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| ELIZABETH WATERMAN, and NY BLACK AND GOLD CORPORATION<br><br>        Plaintiffs,<br>  vs.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC., DOES 1-100<br>        Defendants. | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT OF REGISTRATION NUMBERS VA-2-162-953, VAU-1-366-084, VA-2-205-529, and VAU-1-366-084<br><br>JURY TRIAL DEMAND<br><br>Judge:<br>Magistrate:<br><br>Trial Date:<br>Dispositive Motion Cutoff:<br>Discovery Cutoff: |

1
**COMPLAINT FOR COPYRIGHT INFRINGMENT**

COMES NOW, Plaintiff, Elizabeth Waterman a Los Angeles-based fine art photographer ("Waterman") and NY Black and Gold Corporation ("Black and Gold Corp") owner of numerous Waterman works of art, (individually "Plaintiff" and collectively "Plaintiffs") alleges the following as against Defendants: Amazon.com, Inc. and Amazon.com Services, LLC (hereinafter "Defendants" or "Amazon") for copyright infringement of work created by renowned fine art photographer Elizabeth Waterman.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§1331, 1338(a) "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

2. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district. Plaintiff Waterman is a resident of Los Angeles and Plaintiff Black and Gold Corp is a California Corporation domiciled in Los Angeles. The Defendant Amazon.com Services, LLC is a Delaware Limited Liability Company domiciled in Seattle Washington and Defendant Amazon.com Inc. is a Delaware Corporation domiciled in Seattle Washington that does extensive business in this jurisdiction.

3. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c)(2) and §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Plaintiff Waterman is a resident of Los Angeles, Plaintiff Black and Gold Corp is domiciled in Los Angeles, and the Defendants offer goods for sale within the geographic region of this jurisdiction. Defendants are part of a large conglomerate of companies behind the e-commerce juggernaut Amzon.com, have numerous distribution centers in the Los Angeles area and conduct a large quantity of commerce throughout this jurisdiction.

4. This is an action for copyright infringement under the Copyright Act of 1976, title 17 U.S.C. §101 et. seq., seeking damages, preliminary and permanent

injunctive relief and an accounting, as well as statutory damages, actual damages and other relief based upon other claims related to the misappropriation and misuse of Plaintiff's intellectual property.

## FACTUAL BACKGROUND

9. Plaintiff Waterman is a professional photographer known for her images of artists and performers of many genres and sub-cultures whose livelihood centers around her fine art photography services. She is well known in the photography community as the author of the book "MONEYGAME" which has been featured in the Los Angeles Times and in other publications throughout the world. Waterman exhibits her work around the world in multiple galleries such as Anderson Yezerski in Boston Massachusetts. Waterman filed for and was granted copyright registrations for the works at issue in this lawsuit.

10. Plaintiff Black and Gold Corp, initially formed in New York as Black and Gold Corporation and later merged into the California company NY Black and Gold Corporation, is a creative agency that provides custom photography and services to some of the biggest names in the industry, such as Guess, Alex & Ani, Marc Jacobs, Elie Tahari and others.

11. Plaintiffs hold all right, title and interest in the asserted Copyrights. Copyright Registration No. VA-2-162-953 (the '953 Registration) owned by Plaintiff Black and Gold Corp was obtained on April 23, 2019 (**Exhibit A-1**), Copyright Registration No. VAu-1-366-084 (the '084 Registration) owned by Plaintiff Waterman was obtained on September 7, 2018 (**Exhibit B-1**), and Copyright Registration No. VA-2-205-529 owned ('the '529 Registration) by Plaintiff Black and Gold Corp was registered on April 29, 2020 (**Exhibit C-1**) (individually "Work" and collectively "Works").

12. Amazon is widely utilized ecommerce platform offering numerous goods and services to customers throughout the world.

13. Plaintiffs, nor any agent of Plaintiffs, has not granted a license to reproduce the Works on any website or other materials.

14. Amazon had access to the Works because copies of them that were authorized by Waterman are available on the Internet and in other publicly circulated publications.

15. Amazon is utilizing the Works without permission from Plaintiffs.

## COUNT I

## COPYRIGHT INFRINGEMENT OF THE '953 REGISTRATION

## UNDER 17 U.S.C. § 101, et. seq.

**(Plaintiff Black and Gold Corp Against All Defendants and Each of Them)**

16. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

17. The '953 Registration covers the Work depicted herein:



18. Amazon is infringing upon the Work covered by the '953 Registration by permitting reproduction of the above image as depicted in **Exhibit A-2**.

19. The reproduction identified in **Exhibit A-2** is substantially similar to the Work covered by the '953 Registration.

20. Correspondence was sent to Amazon on December 26, 2023 providing notice under Section 512(c) of the Digital Millennium Copyright Act ("DMCA") that

Amazon was utilizing images on its ecommerce website that infringed upon Plaintiff's right to control reproduction of the Work protected by the '953 Registration.

21.   In this initial notice regarding infringement of the '953 Registration Plaintiff identified the copyrighted work infringed upon, provided a URL identifying where the infringing image is located on the Amazon website, provided name and address information for Plaintiff, made a statement as required under the DMCA that Plaintiff has a good-faith belief the disputed use was not authorized by the owner, and provided all of the above under penalty of perjury.

22.   Amazon disingenuously responded on December 29, 2023 saying the request was "incomplete" and requested the same information already provided in the initial DMCA notice.

23.   Under the DMCA a notice and takedown process must be expeditiously followed for an infringing party to take advantage of the safe harbor granted under the DMCA.

24.   Plaintiff has given Amazon the required notice which places the burden upon Amazon to act expeditiously to remove or disable access to the infringing material.

25.   Amazon failed to act expeditiously as more than five months have passed without any action being taken to remove the infringing material. Instead, Amazon chose to give Plaintiff's representative Waterman the run around by requesting information already provided.

26.   By failing to act Amazon has waived the safe harbor protections set forth in the DMCA and is liable for infringement.

27.   Amazon's disingenuous and dilatory approach to managing takedown requests is willful and recklessly disregards Plaintiff's right as the copyright owner to limit reproduction of the copyright-protected Works.

28.   Amazon continues to wrongfully reproduced Plaintiff's copyright-protected Work without Plaintiff's consent and engaged in acts of affirmative infringement of Plaintiff's copyright-protected image.

17. Plaintiff is informed and believes and thereon alleges that Defendants are also vicariously liable for the subject infringements because Defendants enjoy a direct financial benefit from the infringing activity of third parties and has caused the continued reproduction of Plaintiff's copyright-protected Work.

## COUNT II
## COPYRIGHT INFRINGEMENT OF THE '084 REGISTRATION
## UNDER 17 U.S.C. § 101, et. seq.
**(Plaintiff Waterman Against All Defendants and Each of Them)**

29. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

30. The '084 Registration covers the Work depicted herein:



31. Amazon is infringing upon the Work covered by the '084 Registration by permitting reproduction of the image as depicted in **Exhibit B-2**.

32. The reproduction identified in **Exhibit B-2** is substantially similar to the Work covered by the '084 Registration.

33. Correspondence was again sent to Amazon on January 3rd, 2024 providing notice under Section 512(c) of the Digital Millennium Copyright Act ("DMCA") that Amazon was utilizing images on its ecommerce website that infringed upon Plaintiff's right to control reproduction of the Work protected by the '084 Registration.

34. In this initial notice regarding infringement of the '084 Registration Plaintiff Waterman identified the copyrighted work infringed upon, provided a URL

identifying where the infringing image is located on the Amazon website, provided name and address information for Waterman, made a statement as required under the DMCA that Waterman has a good-faith belief the disputed use was not authorized by the owner, and provided all of the above under penalty of perjury.

35. Again, Amazon responded on January 5, 2023 with the same disingenuous nonsense saying the request was "incomplete" and requested the same information already provided in the initial DMCA notice.

36. Under the DMCA a notice and takedown process must be expeditiously followed for an infringing party to take advantage of the safe harbor granted under the DMCA.

37. Waterman does not have an obligation to provide multiple notices to Amazon with the same information as the burden is on Amazon to take down the infringing content upon receipt of adequate notice.

38. Waterman gave Amazon the required notice which places the burden upon Amazon to act expeditiously to remove or disable access to the infringing material.

39. Amazon failed to act expeditiously as more than five months have passed without any action being taken to remove the infringing material. Instead, Amazon chose to give Waterman the run around by requesting information already provided.

40. By failing to act Amazon has waived the safe harbor protections set forth in the DMCA.

41. Amazon's disingenuous and dilatory approach to managing takedown requests is willful and recklessly disregards Waterman's right as the copyright owner to limit reproduction of her copyrighted Works.

42. Amazon continues to wrongfully reproduced Plaintiff's image without Plaintiff's consent and engaged in acts of affirmative infringement of Plaintiff's copyright-protected image.

43. Waterman is informed and believes and thereon alleges that Defendants are also vicariously liable for the subject infringements because Defendants enjoy a direct

financial benefit from the infringing activity of third parties and has caused the continued reproduction of Plaintiff's copyright-protected Work.

## COUNT III

## COPYRIGHT INFRINGEMENT OF THE '529 REGISTRATION UNDER 17 U.S.C. § 101, et. seq.

### (Plaintiff Black and Gold Corp Against All Defendants and Each of Them)

44. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this complaint as if fully set forth herein.

45. The '529 Registration covers the Work depicted below:



46. Amazon is infringing upon the Work covered by the '529 Registration by permitting reproduction of the image as depicted in **Exhibit C-2**.

47. The reproduction identified in **Exhibit C-2** is substantially similar to the Work covered by the '529 Registration.

48. Correspondence was yet again sent to repeat offender Amazon on February 19, 2024 providing notice under Section 512(c) of the Digital Millennium Copyright Act ("DMCA") that Amazon was utilizing images on its ecommerce website that infringed

upon Plaintiff's rights to control reproduction of the Work protected by the '529 Registration.

49. In this notice regarding infringement of the Work covered by the '529 Registration, Plaintiff's representative Waterman identified the copyrighted work infringed upon, provided a URL identifying where the infringing image is located on the Amazon website, provided name and address information for Waterman, made a statement as required under the DMCA that Waterman has a good-faith belief the disputed use was not authorized by the owner, and provided all of the above under penalty of perjury.

50. Amazon did not respond to Plaintiff's notice of infringement and instead opted to continue utilizing the infringing Work on its website.

51. Under the DMCA a notice and takedown process must be expeditiously followed for an infringing party to take advantage of the safe harbor granted under the DMCA.

52. Plaintiff does not have an obligation to provide multiple notices to Amazon with the same information as the burden is on Amazon to take down the infringing content upon receipt of adequate notice.

53. Plaintiff gave Amazon the required notice which places the burden upon Amazon to act expeditiously to remove or disable access to the infringing material.

54. Amazon failed to act expeditiously as more than five months have passed without any action being taken to remove the infringing material. Instead, Amazon chose to give Plaintiff the run around by requesting information already provided.

55. By failing to act Amazon has waived the safe harbor protections set forth in the DMCA.

56. Amazon's disingenuous and dilatory approach to managing takedown requests is willful and recklessly disregards Plaintiff's right as the copyright owner to limit reproduction of her copyrighted Works.

57. Amazon continues to wrongfully reproduced Plaintiff's image without Plaintiff's consent and engaged in acts of affirmative infringement of Plaintiff's copyright-protected image.

58. Plaintiff is informed and believes and thereon alleges that Defendants are also vicariously liable for the subject infringements because Defendants enjoy a direct financial benefit from the infringing activity of third parties and has caused the continued reproduction of Plaintiff's copyright-protected Work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants and their respective agents and servants be enjoined from infringing Plaintiff's Works in any manner;

2. That Defendants provide a full accounting of money earned from commerce conducted on the URLs utilizing the infringing Works;

3. That Plaintiffs be awarded all damages available under the Copyright Act;

4. That Plaintiffs be awarded their attorneys fees as available under the Copyright Act;

5. That Plaintiffs be awarded pre-judgment interest as allowed by law;

6. That Plaintiffs be awarded the costs of this action;

7. That Plaintiffs be awarded an amount no less than $150,000.00 per image for Amazon's intentional and willful infringement, attorney fees, and costs if the Defendants' default subject to prove up; and

8. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Dated: June 28, 2024

By: /s/*Daniel Cotman*/

Daniel C. Cotman (SBN 218315)
Cotman IP Law Groups, APLC
281 East Colorado Blvd. #2630
Pasadena, Ca 91101

Attorneys for Plaintiffs,
ELIZABETH WATERMAN and NY BLACK AND GOLD CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated: June 28, 2024         COTMAN IP LAW GROUP, APLC


                    By:   /s/*Daniel Cotman*

                          Daniel C. Cotman
                          Attorneys for Plaintiffs